We hold that the jury in this case were authorized to conclude from the above testimony that appellant was intoxicated.

█ Appellant's formal bill of exception to argument cannot be considered because it was filed after the 90 days provided in Article 760d, Vernon's Ann.C.C.P.

Finding no reversible error, the judgment is affirmed.

█

Donald J. LYNN et al., Appellant,

v.

STATE of Texas, Appellee.

No. 31522.

Court of Criminal Appeals of Texas.

Feb. 24, 1960.

P. P. Ballowe, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Phil Burleson, John J. Fagan, Assts. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from a bond forfeiture proceedings.

The appellant contends and the State admits that there is a fatal variance between the scire facias and the final judg-

ment in that the judgment was based upon an appearance bond on a writ of habeas corpus and the scire facias shows that in fact such forfeiture was upon the recognizance bond on appeal.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.